# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2240
_____

United States of America,

*Plaintiff - Appellee,*

v.

Demarcis L. March,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 20, 2021
Filed: December 15, 2021
[Unpublished]
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

This appeal concerns a motion for reduction of sentence under the First Step Act of 2018. The district court[1] concluded that appellant Demarcis March was ineligible for a reduction, and we affirm.

In 2000, a jury found March guilty of conspiracy to distribute cocaine base and possession with intent to distribute cocaine base. *See* 21 U.S.C. §§ 846, 841(a)(1). The government did not allege, and the jury did not find, that March was responsible for any particular quantity of cocaine base. So the district court concluded that there was no statutory minimum penalty for his drug trafficking offenses, and that the statutory maximum sentence was twenty years' imprisonment on each count under 21 U.S.C. § 841(b)(1)(C). The court sentenced March to concurrent terms of 240 months' imprisonment on each drug trafficking count, and a consecutive term of ten years' imprisonment for a firearms violation under 18 U.S.C. § 924(c).

In 2019, March moved for a reduction of sentence on the drug trafficking counts under § 404 of the First Step Act. The district court denied the motion on the ground that the First Step Act provides no relief for persons sentenced under 21 U.S.C. § 841(b)(1)(C). On appeal, March argues that he is eligible for a reduction.

The First Step Act permits a district court to "impose a reduced sentence" if an offender was previously sentenced "for a covered offense." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). An offense is "covered" if its statutory penalties were "modified" by the Fair Sentencing Act of 2010. *Id.* § 404(a).

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

The Fair Sentencing Act altered the minimum and maximum penalties for certain cocaine offenses. The Act increased the amount of crack cocaine required to trigger the mandatory minimum penalties, and the corresponding maximum penalties, under 21 U.S.C. §§ 841(b)(1)(A)(iii) and (B)(iii). Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). But the statutory penalties for an offense under § 841(b)(1)(C) were unchanged. Both before and after 2010, the penalties for March's drug trafficking offenses were zero to twenty years' imprisonment, a fine of up to $1 million, or both, and a period of supervised release.

As such, the penalties for March's drug offenses were not "modified" by the Fair Sentencing Act, and those offenses are not "covered" for purposes of § 404 of the First Step Act. *Terry v. United States*, 141 S. Ct. 1858, 1862-63 (2021). The district court thus correctly determined that March is not eligible for a reduction of sentence under the First Step Act.

The order of the district court is affirmed.

_____